# TRANSCRIPT PUBLISHING COMPANY v. COUNTY OF MORRISON.[1]

December 28, 1923.

No. 23,705.

**Price of public printing governed by express contract.**

The publisher cannot recover extra compensation for "tabular matter" contained in public printing, even where such extra compensation is within the maximum charge fixed by statute, when work is done under an express contract binding the publisher to print the documents in question at stated prices, lower than those fixed by statute.

Action in the district court for Morrison county to recover $2,080.65 due for printing. The case was tried before Nye, J., who denied defendant's motion for a directed verdict at the close of the testimony, granted plaintiff's motion to discharge the jury, made findings and ordered judgment in favor of plaintiff for $248.25 with interest. Defendant's motion for amended findings and conclusions, or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*D. M. Cameron*, for appellant.

*E. A. Kling*, for respondent.

STONE, J.

Appeal by defendant from a judgment against it for a balance claimed to be due plaintiff for certain printing.

Plaintiff publishes the Little Falls Daily Transcript, and on January 3, 1922, submitted to the county commissioners two written offers, one covering all publishing to be required by defendant county during 1922, except the financial statement and delinquent tax list, and the other covering the financial statement only. The prices specified in the two bids were the same—90 cents per folio for the first insertion, and 45 cents per folio for each subsequent

[1]Reported in 196 N. W. 485.

insertion. No mention was made of tabular matter or any other one kind of composition. The bids were accepted.

Pursuant to the contract thus entered into, the printing was done, and in due course bills submitted therefor; but the latter included, not only the amount arrived at by applying the 90- and 45-cent prices to the work done, but also, and in addition, a charge of 25 cents per folio for the "tabular matter" contained in a published resurvey notice and the financial statement.

The 25-cent charge is sought to be justified by section 2 of chapter 484, p. 807, Laws 1921. Plaintiff's claim was upheld by the trial court, and the one matter for review on defendant's appeal is the question whether, in view of the express contract between the parties, the plaintiff is now entitled to an additional fee of 25 cents per folio for tabular matter.

That question must be and is resolved against plaintiff. The statute does not help its claim because it goes to the extent only of establishing prices for the publication of legal notices where such prices are not fixed by contract. That is not denied, but counsel urges that the tabular matter in question was not covered by the contract, and in consequence plaintiff is entitled to compensation at the legal rate. The decision below was placed on that ground and no other.

Plaintiff's proposal, converted into a contract by the defendant's acceptance, cannot be so construed. The bids referred to matter to be published which must have been known to both parties to be made up in part of tabular matter. In the case of the financial statement, covered by a separate bid, it is, of course, well known that substantially all of it is tabular matter. In other words, to sustain the judgment for plaintiff, it must be held that, although it agreed expressly to publish the financial statement and knew that it would consist almost wholly of tabular matter, it may now discard the contract and recover under a statute intended to control only in the absence of contract. Such a result would make "extra work" out of a large portion of the very subject matter of the contract, and give plaintiff extra compensation for doing what it had agreed to do at a smaller price.

Suppose there were no law fixing the fee, and plaintiff were now in court seeking to recover additional compensation for tabular matter, on the ground that it was not covered by the contract. It is obvious that no such claim could be sustained. The situation is not altered to plaintiff's advantage, or at all, simply because of the general law establishing a maximum charge for tabular matter. . The view that the contracts in question can be held not to cover tabular matter, when they embrace the documents containing it and express an agreement to publish such documents, whatever they may include, is untenable. Therefore, the judgment appealed from must be reversed.

It is so ordered.